L.B.F. 3015.1

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re: **Hwan Yul Yong**  
**Hong Suk Yong**

Case No.: **16-16644**  
Chapter 13

Debtor(s)

## Modified Chapter 13 Plan (Post-Confirmation)

☐ Original

☑ **Modified**

Date: **May 24, 2019**

**THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE**

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. **ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A WRITTEN OBJECTION** in accordance with Bankruptcy Rule 3015 and Local Rule 3015-4. **This Plan may be confirmed and become binding, unless a written objection is filed.**

**IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN, YOU
MUST FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE
NOTICE OF MEETING OF CREDITORS.**

### Part 1: Bankruptcy Rule 3015.1 Disclosures

☑    Plan contains nonstandard or additional provisions – see Part 9

☐    Plan limits the amount of secured claim(s) based on value of collateral – see Part 4

☐    Plan avoids a security interest or lien – see Part 4 and/or Part 9

### Part 2: Plan Payment, Length and Distribution – PARTS 2(c) & 2(e) MUST BE COMPLETED IN EVERY CASE

**§ 2(a)(1) Initial Plan: N/A**

**§ 2(a)(2) Amended Plan:**
Total Base Amount to be paid to the Chapter 13 Trustee ("Trustee") $ **97,595.00 over 60 total months.**
The Plan payments by Debtor shall consists of the total amount previously paid ($ **36,695.00**) added to the new monthly Plan payments in the amount of $**2,175.00** beginning **June 13, 2019** and continuing for **28** months.
☐ Other changes in the scheduled plan payment are set forth in § 2(d)

**§ 2(b)** Debtor shall make plan payments to the Trustee from the following sources in addition to future wages (Describe source, amount and date when funds are available, if known):

**§ 2(c) Alternative treatment of secured claims:**
☑ **None.** If "None" is checked, the rest of § 2(c) need not be completed.

☐ **Sale of real property**
See § 7(c) below for detailed description

☐ **Loan modification with respect to mortgage encumbering property:**
See § 4(f) below for detailed description

| Debtor | **Hwan Yul Yong** | Case number | **16-16644** |
|---|---|---|---|
|  | **Hong Suk Yong** | | |

**§ 2(d) Other information that may be important relating to the payment and length of Plan: N/A**

**§ 2(e) Estimated Distribution**

| | | | | |
|---|---|---|---|---|
| A. | Total Priority Claims (Part 3) | | | |
| | 1. Unpaid attorney's fees | $ | **1,310.00 paid to date plus estimated $900.00 for fees involved in this motion** |
| | 2. Unpaid attorney's cost | $ | **0.00** |
| | 3. Other priority claims (e.g., priority taxes) | $ | **2,496.63** |
| B. | Total distribution to cure defaults (§ 4(b)) | $ | **28,541.83** |
| C. | Total distribution on secured claims (§§ 4(c) &(d)) | $ | **47,703.22** |
| D. | Total distribution on unsecured claims (Part 5) | $ | **6,883.82** |
| | Subtotal | $ | **40,132.28** |
| E. | Estimated Trustee's Commission | $ | **9,759.50** |
| F. | Base Amount | $ | **49,891.78** |

## Part 3: Priority Claims (Including Administrative Expenses & Debtor's Counsel Fees)

**§ 3(a) Except as provided in § 3(b) below, all allowed priority claims will be paid in full unless the creditor agrees otherwise:**

| Creditor | Type of Priority | Estimated Amount to be Paid |
|---|---|---|
| **Ross, Quinn & Ploppert, P.C.** | **Attorney Fees and Expenses** | $ **1,310.00 paid to date to the Law Office of Stephen Ross, P.C. plus an estimated $900.00 to Ross, Quinn & Ploppert, P.C.** |
| **Pennsylvania Department of Revenue** | **11 U.S.C. 507(a)(8)** | $ **2,496.63** |

**§ 3(b) Domestic Support obligations assigned or owed to a governmental unit and paid less than full amount.**

[✓] **None.** If "None" is checked, the rest of § 3(b) need not be completed or reproduced.

## Part 4: Secured Claims

**§ 4(a) ) Secured claims not provided for by the Plan**

[ ] **None.** If "None" is checked, the rest of § 4(a) need not be completed.

| Creditor | Secured Property |
|---|---|
| [✓] If checked, debtor will pay the creditor(s) listed below directly in accordance with the contract terms or otherwise by agreement **Ally Financial (Claim 2)** | **2008 Chevrolet K1500 VIN: 3GNFK16358G193661** |

**§ 4(b) Curing Default and Maintaining Payments**

[ ] **None.** If "None" is checked, the rest of § 4(b) need not be completed.

The Trustee shall distribute an amount sufficient to pay allowed claims for prepetition arrearages; and, Debtor shall pay directly to creditor monthly obligations falling due after the bankruptcy filing in accordance with the parties' contract.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                                                                      Best Case Bankruptcy

| Debtor | Hwan Yul Yong | | Case number | 16-16644 |
|---|---|---|---|---|
| | Hong Suk Yong | | | |

| Creditor | Description of Secured Property and Address, if real property | Current Monthly Payment to be paid directly to creditor by Debtor | Estimated Arrearage | Interest Rate on Arrearage, if applicable (%) | Amount to be Paid to Creditor by the Trustee |
|---|---|---|---|---|---|
| **Citizens Bank, N.A.** (Claim No. 1) | 1902 Berks Road Norristown, PA 19403  Montgomery County | As per note | Prepetition: $ **2,367.77** Postpetition, as per stipulation: $ **17,174.06** | 0.00% | $19,541.83 |
| **USDA, Farm Service Agency** | 343 Lancaster Avenue Oxford, PA 19363  Chester County | As per note | Prepetition: $ 9,000.00 | 0.00% | $9,000.00 |

§ 4(c) Allowed Secured Claims to be paid in full: based on proof of claim or pre-confirmation determination of the amount, extent or validity of the claim

☑    **None.** If "None" is checked, the rest of § 4(c) need not be completed or reproduced.

§ 4(d) Allowed secured claims to be paid in full that are excluded from 11 U.S.C. § 506

☐    None. If "None" is checked, the rest of § 4(d) need not be completed.

| Creditor | Description of Secured Property and Address, if real property | Amount of Clam | Interest Rate, if applicable (%) | Amount to be Paid to Creditor by the Trustee |
|---|---|---|---|---|
| **Chester County Tax Claim Bureau** | 343 Lancaster Avenue Oxford, PA 19363  Chester County | $ 8,599.66 | 0.00% | $8,599.66 |
| **Chester County Tax Claim Bureau** | 343 Lancaster Avenue Oxford, PA 19363  Chester County | $1,047.10 | 0.00% | $1,047.10 |
| **Chester County Tax Claim Bureau** | 343 Lancaster Avenue Oxford, PA 19363  Chester County | $2,179.11 | 0.00% | $2,179.11 |
| **Montgomery County Tax Claim Bureau 35,877.35 9.00%** | 1902 Berks Road Norristown, PA 19403  Montgomery County | $ 28,805.68 | 9.00% | $35,877.35 |

**§ 4(e) Surrender**

☑    **None.** If "None" is checked, the rest of § 4(e) need not be completed.

**§ 4(f) Loan Modification**

☑ **None**. *If "None" is checked, the rest of § 4(f) need not be completed.*

## Part 5: General Unsecured Claims

**§ 5(a) Separately classified allowed unsecured non-priority claims**

☐    None. If "None" is checked, the rest of § 5(a) need not be completed.

3

| Debtor | **Hwan Yul Yong** <br> **Hong Suk Yong** | | Case number | **16-16644** |
|---|---|---|---|---|

| Creditor | Basis for Separate Clarification | Treatment | Amount of Claim | Amount to be Paid |
|---|---|---|---|---|
| **Pennsylvania Department of Revenue** <br> **(Claim No. 4)** | Joint General Unsecured Claim of Both Hwan Yul Yong and Hong Suk Yong | Paid 100% | $660.09 | $660.09 |
| **Wells Fargo Bank** <br> **(Claim No. 10)** | Joint General Unsecured Claim of Both Hwan Yul Yong and Hong Suk Yong | Paid 100% | $6,202.42 | $6,202.42 |

§ 5(b) **Timely filed unsecured non-priority claims**

(1) Liquidation Test *(check one box)*

☑ All Debtor(s) property is claimed as exempt.

☐ Debtor(s) has non-exempt property valued at $_____ for purposes of § 1325(a)(4) and plan provides for distribution of $_____ to allowed priority and unsecured general creditors.

(2) **Funding: § 5(b) claims to be paid as follows** *(check one box)*:

☑ Pro rata

☐ 100%

☐ Other (Describe)

Part 6: Executory Contracts & Unexpired Leases

☑    **None.** If "None" is checked, the rest of § 6 need not be completed or reproduced.

Part 7: Other Provisions

§ 7(a) **General Principles Applicable to The Plan**

(1) Vesting of Property of the Estate *(check one box)*

☑ Upon confirmation

☐ Upon discharge

(2) Subject to Bankruptcy Rule 3012, the amount of a creditor's claim listed in its proof of claim controls over any contrary amounts listed in Parts 3, 4 or 5 of the Plan.

(3) Post-petition contractual payments under § 1322(b)(5) and adequate protection payments under § 1326(a)(1)(B), (C) shall be disbursed to the creditors by the debtor directly.  All other disbursements to creditors shall be made to the Trustee.

(4) If Debtor is successful in obtaining a recovery in personal injury or other litigation in which Debtor is the plaintiff, before the completion of plan payments, any such recovery in excess of any applicable exemption will be paid to the Trustee as a special Plan payment to the extent necessary to pay priority and general unsecured creditors, or as agreed by the Debtor or the Trustee and approved by the court..

§ 7(b) **Affirmative duties on holders of claims secured by a security interest in debtor's principal residence**

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.

(2) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                              Best Case Bankruptcy

| Debtor | **Hwan Yul Yong** | Case number | **16-16644** |
|---|---|---|---|
|  | **Hong Suk Yong** | | |

(3) Treat the pre-petition arrearage as contractually current upon confirmation for the Plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default or default(s). Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

(4) If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payments of that claim directly to the creditor in the Plan, the holder of the claims shall resume sending customary monthly statements.

(5) If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filing of the petition, upon request, the creditor shall forward post-petition coupon book(s) to the Debtor after this case has been filed.

(6) **Debtor waives any violation of stay claim arising from the sending of statements and coupon books as set forth above.**

**§ 7(c) Sale of Real Property**

☑ **None**. If "None" is checked, the rest of § 7(c) need not be completed.

(1) Closing for the sale of __ (the "Real Property") shall be completed within months of the commencement of this bankruptcy case (the "Sale Deadline"). Unless otherwise agreed, each secured creditor will be paid the full amount of their secured claims as reflected in § 4.b (1) of the Plan at the closing ("Closing Date").

(2) The Real Property will be marketed for sale in the following manner and on the following terms:

(3) Confirmation of this Plan shall constitute an order authorizing the Debtor to pay at settlement all customary closing expenses and all liens and encumbrances, including all § 4(b) claims, as may be necessary to convey good and marketable title to the purchaser. However, nothing in this Plan shall preclude the Debtor from seeking court approval of the sale of the property free and clear of liens and encumbrances pursuant to 11 U.S.C. § 363(f), either prior to or after confirmation of the Plan, if, in the Debtor's judgment, such approval is necessary or in order to convey insurable title or is otherwise reasonably necessary under the circumstances to implement this Plan.

(4) Debtor shall provide the Trustee with a copy of the closing settlement sheet within 24 hours of the Closing Date.

(5) In the event that a sale of the Real Property has not been consummated by the expiration of the Sale Deadline:

## Part 8: Order of Distribution

**The order of distribution of Plan payments will be as follows:**

**Level 1**: Trustee Commissions*
**Level 2**: Domestic Support Obligations
**Level 3**: Adequate Protection Payments
**Level 4:** Debtor's attorney's fees
**Level 5**: Priority claims, pro rata
**Level 6:** Secured claims, pro rata
**Level 7:** Specially classified unsecured claims
**Level 8:** General unsecured claims
**Level 9:** Untimely filed general unsecured non-priority claims to which debtor has not objected

**Percentage fees payable to the standing trustee will be paid at the rate fixed by the United States Trustee not to exceed ten (10) percent.*

## Part 9: Nonstandard or Additional Plan Provisions

Under Bankruptcy Rule 3015.1(e), Plan provisions set forth below in Part 9 are effective only if the applicable box in Part 1 of this Plan is checked. Nonstandard or additional plan provisions placed elsewhere in the Plan are void.

☐ **None**. If "None" is checked, the rest of § 9 need not be completed.

**A 2008 Chevrolet K1500 VIN: 3GNFK16358G193661 motor vehicle is owned by Youngs Mushroom Farm, Inc. Debtor Hwan Yong is a co-debtor upon a secured motor vehicle payable to Ally Financial (Claim No. 2). No payment is to be made to Claimant No. 2 by the Chapter 13 Trustee. The payment of $677.91 has been tendered to Ally Financial as of the date of this proposed plan. The claim has been paid in full.**

**The Montgomery County Tax Claim Bureau (Claim No. 13) is to be provided 9.0% statutory interest on its claim secured by**

| Debtor | **Hwan Yul Yong**<br>**Hong Suk Yong** | Case number | **16-16644** |
|---|---|---|---|

**real estate. Therefore, claim 13 shall be paid $35,877.35 over the duration of the five year plan ($7,071.67 in statutory 9.0% interest on the $28,805.68 tax claim).**

**This plan pays a 100% dividend to all joint unsecured creditors of both Hwan Yul Yong and Hong Suk Yong. These claims are claim no. 4 and claim 10 and are specifically listed.**

**The plan payment is reduced for three months in months 4, 5, and 6 due to winter mushroom selling season significantly reducing income. Debtors will resume increased plan payments starting in month 7.**

**The United States of America, Acting through USDA, Farm Service Agency (Claimant No. 11) shall be paid $9000 by the Chapter 13 Trustee over the sixty-month duration of this plan as per the stipulation between the parties.**

**This modified plan includes $17,174.06 in post-petition arrears paid to Citizen's Bank N.A. (Claim No. 1) as per the stipulation approved by this Court.**

### Part 10: Signatures

By signing below, attorney for Debtor(s) or unrepresented Debtor(s) certifies that this Plan contains no nonstandard or additional provisions other than those in Part 9 of the Plan.

Date:  **May 24, 2019**

/s/ Joseph Quinn
**Joseph Quinn**
Attorney for Debtor(s)

If Debtor(s) are unrepresented, they must sign below.

Date:

**Hwan Yul Yong**
Debtor

Date:

**Hong Suk Yong**
Joint Debtor

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy